PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| KCI USA, INC., | ) | |
| | ) | CASE NO. 1:14CV549 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| | ) | |
| HEALTHCARE ESSENTIALS, INC, *et al.*, | ) | **MEMORANDUM OF OPINION AND** |
| | ) | **ORDER** [Resolving ECF Nos. 308, 311, |
| Defendants. | ) | 315, 316] |

Pending before the Court are Defendant Ryan H. Tennebar's Motions to Stay (ECF No. 308) and for an Order to Convey (ECF No. 316), and Plaintiff KCI USA, Inc.'s Motions for Leave to Admit Declarations in Lieu of Testimony (ECF No. 311) and for Leave to File a Bench Brief *Instanter* (ECF No. 315). For the following reasons, the Court grants the Motion to Stay, denies the Motion to Convey as moot, and grants Plaintiff's Motions.

This suit originated from Plaintiff's allegations that Defendants stole Plaintiff's wound-care vacuums and marketed them as their own. On Plaintiff's Motion, the Court set a Show Cause Hearing for August 16, 2017. Because Defendant Ryan H. Tennebar currently faces sentencing in a parallel criminal matter, and is the subject of another ongoing investigation, he moves to stay the case until the first week of November, 2017. ECF No. 308.

In considering whether a case should be stayed pending parallel criminal proceedings, a court should consider the following factors:

(1:14CV549)

> (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the case, including whether the defendants have been indicted; (3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; (4) the private interests of and burden on the defendants; (5) the interests of the courts; and (6) the public interest.

*F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 627 (6th Cir. 2014) (quoting *Chao v. Fleming*, 498 F. Supp. 2d 1034, 1037 (W.D. Mich. 2007)). "The most important factor is the balance of hardships." *Id.* at 628 (citing *Int'l Bhd. of Elec. Workers v. AT&T Network Sys.*, No. 88-3895, 879 F.2d 824, 1989 WL 7812, at *8 (6th Cir. Jul. 17, 1989)). Courts should also consider "the extent to which the defendant's fifth amendment rights are implicated." *Id.* at 627 (quoting *Fed. Sav. & Loan Ins. Corp. v. Molianro*, 889 F.2d 899, 902 (9th Cir. 1989)).

District courts have broad discretion in determining whether a stay is appropriate. *Id.* (quoting *Chao*, 498 F. Supp. 2d at 1037). The party seeking the stay bears the burden of demonstrating that there is a "pressing need for delay, and that neither the other party nor the public will suffer harm from entry of the order." *Id.* at 627–28. (citing *Ohio Envtl. Council v. U. S. Dist. Court, Southern Dist. Of Ohio, Eastern Div.*, 565 F.3d 393, 396 (6th Cir. 1977)).

In this case, the factors identified in *F.T.A. v. E.M.A. Nationwide, Inc.* support the stay. At the Show Cause Hearing, Plaintiff states that it will argue "that the Defendants in this case . . . participated collectively in a pervasive, willful, and frankly perverse series of discovery abuses, egregious spoliation, and repetitive violations of this Court's Orders." ECF No. 313 at PageID #: 5440. Plaintiff's proposed argument has significant factual overlap with the parallel criminal case, which concerns Defendant Ryan H. Tennebar's obstruction of justice in matters directly

2

(1:14CV549)

related to this case, and the potential indictment, which concerns theft charges. Therefore, the first factor weighs in favor of a stay. For similar reasons, the fifth and sixth factors weigh in favor of a stay. The Court's interest in judicial efficiency, and the public's interest in conserving resources, counsel against moving forward with the hearing while the criminal matter is ongoing. The second factor weighs in favor of staying the proceeding as well, as Defendant has been indicted on one charge, and contends that another indictment is imminent. ECF No. 308 at PageID #: 5385. Furthermore, Defendant's interest in protecting his Fifth Amendment right against self-incrimination weighs in favor of the stay. Although Plaintiff protests that it will be unduly prejudiced if the hearing is delayed, as it may affect its ability to collect civil judgment, and that criminal proceedings could be continued indefinitely, the Court finds that these risks are speculative and that, overall, the factors counsel against moving forward with these proceedings.

For the foregoing reasons, the Court hereby stays the above-captioned matter. Parties shall jointly file a status report informing the Court of the status of the criminal proceedings on or before November 1, 2017. The Show Cause Hearing is rescheduled for Thursday, November 9, 2017 at 1:00 p.m. Plaintiff's Motions for Leave to Admit Declarations in Lieu of Live Testimony and for Leave to File a Bench Brief are granted. ECF Nos. 311, 315. Defendant's Motion for an Order to Convey is denied as moot. ECF No. 316.

IT IS SO ORDERED.

  August 15, 2017                  /s/ Benita Y. Pearson
Date                              Benita Y. Pearson
                                  United States District Judge