PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| KCI USA, INC., | ) |
|     Plaintiff, | ) CASE NO. 1:14CV549 |
| | ) |
| v. | ) JUDGE BENITA Y. PEARSON |
| | ) |
| HEALTHCARE ESSENTIALS, INC., *et al.*, | ) |
| | ) **MEMORANDUM OF OPINION AND** |
|     Defendants. | ) **ORDER** [Resolving ECF No. 321] |

Pending is Defendants Ryan H. Tennebar and Colin Tennebar's Joint Motion to Stay Show Cause Hearing, Pending Resolution of Criminal Investigation (ECF No. 321).[1] For the following reasons, the Court denies this second motion to stay (ECF No. 321).

This suit originates from Plaintiff's allegations that Defendants stole Plaintiff's wound-care vacuums and marketed them as their own. On Plaintiff's Motion to Show Cause (ECF No. 269), the Court set a Show Cause Hearing for August 16, 2017. *See* July 17, 2017 non-document Order. Because Defendant Ryan Tennebar faced sentencing in a parallel criminal matter, the Court granted Defendant's first motion to stay the case until the first week of November, 2017. *See* ECF No. 317. Defendant Ryan Tennebar has been sentenced in that criminal case, *United States v. Tennebar*, No. 1:17-CR-00176-JRA-1 (N.D. Ohio) On October 18, 2017, to forty-eight

---

[1] Earlier today, the Court granted Colin Tennebar's oral motion to join Ryan Tennebar's motion to stay. *See* Minutes, Nov. 8, 2017.

(1:14CV549)

(48) months of incarceration and three years' supervised release. ECF No. 325 at PageID#: 5594.

Now, Defendants Ryan Tennebar and Colin Tennebar jointly move to stay the case until the first week of February 2018, based on the assertion that they are subject to an ongoing investigation. ECF No. 321. Counsel for the United States has confirmed that an investigation is ongoing, but no charges are imminent. *See* ECF No. 325-1.

Nothing in the Constitution "requires a civil action to be stayed in the face of a pending or impending criminal indictment[.]" *F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 627 (6th Cir. 2014) (quoting *Chao v. Fleming*, 498 F. Supp. 2d 1034, 1037 (W.D. Mich. 2007)). "In the absence of substantial prejudice to the rights of the parties involved, such parallel proceedings are unobjectionable under [the] jurisprudence." *Id.* at 627 n.10 (citation omitted). A stay of a civil case "is an extraordinary remedy" that should be granted only when justice so requires. *Id.* at 627.

In considering whether a case should be stayed pending parallel criminal proceedings, a court should consider the following factors:

> (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the case, including whether the defendants have been indicted; (3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; (4) the private interests of and burden on the defendants; (5) the interests of the courts; and (6) the public interest.

*Id.* (quoting *Chao*, 498 F. Supp. 2d at 1037). "The most important factor is the balance of hardships." *Id.* at 628 (citing *Int'l Bhd. of Elec. Workers v. AT&T Network Sys.*, No. 88-3895,

(1:14CV549)

879 F.2d 824, 1989 WL 7812, at *8 (6th Cir. Jul. 17, 1989)).  Courts should also consider "the extent to which the defendant's fifth amendment rights are implicated." *Id.* at 627 (quoting *Fed. Sav. & Loan Ins. Corp. v. Molianro*, 889 F.2d 899, 902 (9th Cir. 1989)).

District courts have broad discretion in determining whether a stay is appropriate. *Id.* (quoting *Chao*, 498 F. Supp. 2d at 1037).  The party seeking the stay bears the burden of demonstrating that there is a "pressing need for delay, and that neither the other party nor the public will suffer harm from entry of the order." *Id.* at 627–28 (citing *Ohio Envtl. Council v. U. S. Dist. Court, Southern Dist. of Ohio, Eastern Div.*, 565 F.3d 393, 396 (6th Cir. 1977)).

In this case, the factors identified in *F.T.C. v. E.M.A. Nationwide, Inc.* do not support the stay.  The Court finds that while the Defendants may be the subject of an ongoing criminal investigation, their collective posture has improved since Defendant Ryan H. Tennebar's previous motion to stay when he had a pending criminal indictment against him.  At present, there are no pending criminal charges or indictments against either Defendant that would warrant a stay.  And, as counsel for the government has assured, none are imminent.  In other words, the fact of an ongoing criminal investigation will not obviously implicate Defendants' Fifth Amendment privilege, if the Court proceeds with the Show Cause Hearing.  Therefore, the first and second factors do not weigh in favor of a stay.

Plaintiff asserts that the "purpose of the [Show Cause Hearing] is for [Plaintiff] to be heard about Defendants' sanctionable discovery abuses, spoliation, and violation of the Court's various orders . . . ." ECF No. 325 at PageID#: 5602.  To the extent the issues in Defendant Ryan Tennebar's criminal case overlaps with those presented in this civil case, such issues

(1:14CV549)

should not implicate his Fifth Amendment privilege, especially given that he is collaterally estopped from denying facts already set forth in his sworn guilty plea. *Id.* at PageID#: 5603. As Colin Tennebar is not facing charges, at present, any forebearance on his behalf would be based on speculation. Finally, the fifth and sixth factors also do not weigh in favor of a stay, as the Court's interest in judicial efficiency, and the public's interest in conserving resources will not be benefitted as there is no pending indictment.

For the foregoing reasons, the Court hereby denies Defendants' Joint Motion to Stay (ECF No. 321). The Show Cause Hearing shall commence on Thursday, November 9, 2017 at 1:00 p.m. Defendant Ryan Tennebar's presence at the Show Cause Hearing is excused. Defendant Colin Tennebar shall appear with his counsel.

    IT IS SO ORDERED.

| | |
|---|---|
|  November 8, 2017 | */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |