PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| KCI USA, INC., | ) | |
| | ) | CASE NO. 1:14CV549 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| HEALTHCARE ESSENTIALS, INC., *et al.*, | ) | |
| | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Defendants. | ) | **ORDER** [Resolving ECF No. 348] |

**I.**

Pending before the Court is Interested Party Cavitch, Familo & Durkin, LPA's (the "Cavitch Firm") Motion to Strike Certain Arguments Made by KCI in its Reply Brief and Memorandum in Support of its Omnibus Motion for Sanctions. ECF No. 348. Plaintiff KCI USA, Inc. has filed its response. ECF No. 349. For the reasons provided below, the Cavitch Firm's motion (ECF No. 348) is denied.

**II.**

The Cavitch Firm moves the Court to strike portions of Plaintiff's reply brief filed in support of its Omnibus Motion for Sanctions against the Cavitch Firm. ECF No. 348. Specifically, the Cavitch Firm moves to strike:

a) Footnote 1 and the claim of KCI that sanctions are appropriate against individual attorneys Michael Rasor, Komlavi Atsou and Eric Weiss.

(1:14CV549)

      b) The argument, that Cavitch's 2014 letter to vendors of Defendant Healthcare Essentials, Inc., constitutes additional grounds to support sanctions.

      c) A newly presented argument and reference to Exhibit 11, claiming that Cavitch had actual knowledge of inaccurate evidence.

      d) A new claim that, by having Ryan Tennebar sign an affidavit about discovery, Cavitch has knowingly prepared a false application.

*Id.* at PageID:# 6539.

The Cavitch Firm argues that Plaintiff improperly used its reply brief to "add claims against new parties" not asserted in its Omnibus Motion for Sanctions (ECF No. 333). *Id.* The Federal Rules of Civil Procedure do not provide for a motion to strike documents or portions of documents other than pleadings. *See* Fed. R. Civ. P. 12(f) (limited to striking pleadings or portions of pleadings). If a brief or affidavit refers to matters a court should not consider (such as inadmissible evidence), while a court is free to exercise its discretion, the usual recourse is for the court simply to disregard those matters, not to strike them. *Lombard v. MCI Telecomm. Corp.*, 13 F. Supp. 2d 621, 625 (N.D. Ohio 1998) (citing *State Mut. Life Assurance Co. of Am. v. Deer Creek Park*, 612 F.2d 259, 264 (6th Cir. 1979)). Therefore, the Cavitch Firm's motion (ECF No. 348) is denied on this ground. For the sake of economy, the Court, nonetheless, addresses the merits of the Cavitch Firm's motion to strike, and explains why the motion is baseless.

With respect to Plaintiff's reference to individual attorneys Michael Rasor, Komlavi Atsou, and Eric Weiss, Plaintiff merely reiterates its argument that sanctions should be issued against counsel that previously represented Defendants. Those prior counsel are Rasor, Atsou,

2

(1:14CV549)

and Weiss of the Cavitch Firm. *See* ECF No. 346 at PageID#: 6508 ("For the removal of any doubt, and as made clear in KCI's Omnibus Motion, the Court should sanction Michael Rasor, Komlavi Atsou, and Eric Weiss of the Cavitch firm—the same individuals who submitted affidavits with Opposition (and, in fact attested to the statements made in the Opposition) . . . ."). Plaintiff makes clear that it is because of prior counsels' misconduct—making misrepresentations to the Court and Plaintiff regarding Defendants' document discovery productions, that Plaintiff now seeks sanctions against the Cavitch Firm.

The three remaining requests to strike are equally frail. The mentions found objectionable by the Cavitch Firm are related to and offer support for claims plainly set forth in Plaintiff's Omnibus Motion for Sanctions in which Plaintiff alleges that the Cavitch Firm assisted Defendants in abusive discovery practices and commission of multiple frauds on the Court. *See* ECF No. 333. Moreover, Plaintiff's arguments pertaining to the Cavitch Firm's knowledge of and participation in the creation of inaccurate evidence, such as Defendant Ryan Tennebar's false affidavit, are in direct response to the Cavitch Firm's contentions that it (1) did not provide assistance in the creation of fabricated and inaccurate evidence to the Court, and (2) had no reason to know or suspect that documents produced by Defendants were not authentic. *See* ECF No. 341 at PageID#: 1690—93 (explaining that it, the Cavitch Firm, did not provide direct assistance in the creation of fabricated evidence and had no reason to know that Defendants produced inauthentic documents); *see also Scottsdale Ins. Co. v. Flowers*, 513 F. 3d 546, 553 (6th Cir. 2008) (noting that while a party may not raise an issue for the first time in a reply brief, it may *reply* to arguments made in the response brief) (emphasis added).

3

(1:14CV549)

Accordingly, Plaintiff's punctuation of arguments asserted in its motion is consistent with the purpose of a reply brief.

**III.**

For the reasons stated above, Interested Party Cavitch, Familo & Durkin, LPA's Motion to Strike ([ECF No. 348](#)) is denied.

IT IS SO ORDERED.

| | |
|---|---|
| February 21, 2018 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |