PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| KCI USA, INC., ) | |
| ) | CASE NO. 1:14CV549 |
| Plaintiff, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| HEALTHCARE ESSENTIALS, INC., *et al.*, ) | |
| ) | **MEMORANDUM OF OPINION AND** |
| Defendants. ) | **ORDER** [Resolving ECF No. 356] |

**I.**

Pending before the Court is a motion to withdraw (ECF No. 356) filed by Attorneys James S. Gentile and Rhys B. Cartwright-Jones, counsel for Defendants Healthcare Essentials, Inc., Healthcare Essentials, LLC, Healthcare Essentials Medical Devices, LLC, RT Acquisition, Inc., and Ryan H. Tennebar, and Counter-Claimant Healthcare Essentials, LLC. As the basis for their motion, Attorneys James S. Gentile and Rhys B. Cartwright-Jones state that they seek to withdraw as counsel because "[D]efendant Ryan Tennebar and his business entities have no source of revenue from which to pay legal fees." ECF No. 356 at PageID#: 6612. Plaintiff filed an opposition. ECF No. 357. For the reasons provided below, the motion (ECF No. 356) is denied.

**II.**

(1:14CV549)

Issues regarding attorney withdrawal are committed to the court's discretion. *See Brandon v. Blech*, 560 F.3d 536, 537 (6th Cir. 2009). When ruling on a motion to withdraw, the court looks to the rules governing attorneys' professional conduct for guidance. *See Brandon*, 560 F.3d at 537–38. Under Rule 83.9 of the Local Rules for the United States District Court for the Northern District of Ohio, "[t]he attorney of record may not withdraw, . . . without first providing written notice to the client and all other parties and obtaining leave of Court." Similarly, the Ohio Rules of Professional Conduct, which also govern in this proceeding, provide that an attorney may withdraw from representation when "the representation will result in an unreasonable financial burden on the lawyer." Ohio Prof. Cond. Rule 1.16(b)(6); Ohio Fed. Dist. Ct. (N.D.), Civ, LR Rule 83.7.

### III.

According to Counsel's representations to the Court, "[D]efendant Ryan Tennebar and his business entities have no source of revenue from which to pay legal fees. In addition, [D]efendant Ryan Tennebar is currently in federal prison, serving a four-year prison term, and is without funds. [See, Case No. 1:17-cr-00176-JRA, R.E. 38 (Order of Indigence), PageID#98; R.E. 33 (Sen.Tr.), PageID#:155–182.]." ECF No. 356 at PageID#: 6612. Defendants inability to fulfill their financial obligation to Counsel qualifies as "an unreasonable financial burden" on Counsel under Ohio Rule 1.16(b)(6). And, given that Counsel has indicated its intention to withdraw by filing the instant motion and informing its clients through written communication, Counsel has complied with the notice requirements of both Local Rule 83.9 and Rule 1.16(b)(6).

(1:14CV549)

ECF No. 356 at PageID#: 6612‒13. Therefore, it appears counsel has laid a foundation for withdrawal.

The analysis does not, however, end here. The Sixth Circuit has held that satisfying the rules of professional misconduct does not guarantee a right to withdraw. *See Brandon*, 560 F.3d at 538. There are "several occasions when a district court ought to prohibit counsel from withdrawing" that include, a showing that withdrawal would be severely prejudicial to any party. *Brandon*, 560 F.3d at 538 (citing *Fid. Nat'l Title Ins. Co., v. Intercounty Nat'l Title Ins. Co.*, 310 F.3d 537, 541 (7th Cir. 2002)).

The Court finds that Counsel's withdrawal would severely burden the litigants in this lawsuit. In federal court, a corporation must be represented by counsel, and this requirement cannot be waived. *See Rowland v. California Men's Colony*, 506 U.S. 194, 202, 113 S. Ct. 716. 121 L.Ed.2d 656 (1993) (holding that all artificial entities such as corporations, partnerships, or associations, may appear in federal court only through a licensed attorney); *Doherty v. Am. Motors Corp.*, 728 F.2d 334, 340 (6th Cir. 1984) ("The rule of this circuit is that a corporation cannot appear in federal court except through an attorney."). This rule also applies to limited liability corporations. *See Ward v. Intercontinental Mortg. Group, LLC*, 2012 WL 3025098, at *1 (S.D. Ohio July 24, 2012) (limited liability corporations cannot prosecute or defend in a federal court except through an attorney) (citing *Rowland*, 506 U.S. 194 at 201). *See also United States v. Hagerman*, 545 F.3d 579, 581‒82 (7th Cir.2008) (limited liability corporation must appear through counsel). Therefore, given that several of the Defendants represented by Attorneys Gentile and Cartwright-Jones are corporate entities, Counsel's withdrawal would

3

(1:14CV549)

inevitably stifle the parties' ability to participate in the litigation. See *Meznarich v. Morgan Waldron Ins. Mgmt. LLC*, 2012 WL 487963, at * 4 (N.D. Ohio Feb. 14, 2012) (denying counsel's motion to withdraw because it would unfairly prejudice the party's ability to participate in the scheduled litigation efforts). As to the non-corporate Defendant, Ryan Tennebar, to whom this rule does not apply, the Court lacks any indication that Defendant Ryan Tennebar possesses the knowledge or ability to prepare his case *pro se* or effectively represent himself during the remainder of the lawsuit.

Additionally, the current stage of litigation suggests that Counsel's withdrawal will likely have an irreparable and unavoidable prejudicial effect on Plaintiff. See *Meznarich*, 2012 WL 487963, at * 4 (citing *Buschmeier v. G. & G Invs., Inc.*, 222 F. App'x 160, 164 (3d Cir. 2007) ("One factor to consider in any prejudice analysis is the stage of litigation.")). As Plaintiff highlights in its opposition brief, withdrawal by counsel at this juncture, would unfairly prejudice the parties because the case has been ongoing for a substantial length of time and is at a critical stage with the pending motions for case-terminating sanctions. See ECF No. 357 at PageID#: 6614    15. As such, the judicial economy and efficiency would be negatively impacted by any further delay in the case. Therefore, because the high risk of substantial prejudice outweighs the policy reasons to allow withdrawal from these proceedings without the replacement of counsel, Counsel's motion is denied.

(1:14CV549)

## IV.

For the reasons stated above, Counsel's motion to withdraw ([ECF No. 356](ECF No. 356)) is denied.

IT IS SO ORDERED.

| | |
|---|---|
|  March 21, 2018  |  */s/ Benita Y. Pearson*  |
| Date | Benita Y. Pearson |
| | United States District Judge |