**Before the United States District Court for the Northern District of Ohio
Eastern Division at Cleveland**

| | |
|---|---|
| **KCI USA, Inc.** | ) |
|     Plaintiffs | ) **Case No.: 1:14-cv-00549-BYP** |
| -vs- | ) **Judge Benita Y. Pearson** |
| **Healthcare Essentials, LLC, et al.** | ) |
|     Defendants | ) **Written Closing Argument and Post Hearing Brief on Ability to Pay** |

The defendants, Ryan Tennebar an the Entity Defendants, offer the following points of law in support of the theory that attorneys' fees ought not attach to them in nearly the amount that the plaintiff, KCI, Inc. suggests, to wit:

The defense offers that their co-defendants and co-defendant counsel presented substantial arguments in support of the claim that KCI's attorneys' fees should come in well below the amount that KCI claims.  The undersigned join in those arguments.  So Tennebar and the Entity Defendants, here, focus on joint and several liability and the ability to pay.  Dealing with attorneys' fees coupled with the issue of joint and several liability, the Sixth Circuit directed that, "[a] district court must ultimately match each [person's] ability to pay his or her share of the attorney fees to be awarded which is to be determined on an individual basis, not jointly and severally." *Garner v. Cuyahoga County Juvenile Court* (6th Cir. 2009), 554 F.3d 624, 643, parenthetical omitted.  The defense, here, offers that Tennebar's ability to pay is de minimis.

First, of record, Tennebar and the Entity Defendants cannot pay their own

attorneys.  This came up in undersigned counsel's motion to withdraw of March, 2018. [R.E. 356, PageID#6612 – 13.]  The basis for the motion was that Tennebar was (a) incarcerated for 4 years to come and (b) unable to pay counsel for that reason.  The same goes for the Entity Defendants, which are now defunct.

Second, of record, Tennebar is serving a prison sentence and has no meaningful income.  This is a matter of record in the proceedings in both the damages hearing and the attorneys' fees hearing.  No party disagrees with this, and in the preliminary discussions at both hearings, counsel noted for the record that Tennebar is, as part of Case No. 1:17-cr-00176-JRA-1, incarcerated in the FCI at Marion, Michigan.

Third, of record in Tennebar's criminal proceedings, he is indigent as a matter of law.  That is, of record in  Case No. 1:17-cr-00176-JRA-1, Tennebar executed and the trial court accepted a CJA 23 affidavit of indigence, thereafter appointing him counsel. [Case No. 1:17-cr-00176-JRA-1, R.E.3.]  Counsel was subsequently appointed on an indigency basis for appeal in Case No. 17-4237.  Though the CJA 23 form is sealed to undersigned counsel, it should reflect that Tennebar has no meaningful hard assets, i.e. realestate, stocks, bonds, etc., and live(d) with his mother.

Given the foregoing, Tennebar has no ability to pay.  And the damages amount against Tennebar is already substantial enough, nearly a quarter billion dollars, to compensate KCI and to ward off any person who would engage in any similar act.

**Respectfully Submitted,**
s/ *James S. Gentile*
s/ *Rhys B. Cartwright-Jones*
**James S. Gentile, 0029573**
**Rhys B. Cartwright-Jones, 0078597**
42 North Phelps St.
Youngstown, OH  44503-1130
330-757-6609, t.
866-223-3897, f.
rhys@cartwright-jones.com
For Ryan Tennebar and Certain of the Entity Defendants

**Proof of service:** All parties receive ECF service and received a copy of this notice by way of same on the 28th day of August, 2018. I also sent a copy of the foregoing by mail to Ryan Tennebar, No. 64232-060 at FCI Morgantown, 446 Greenbag Road, Route 857 Morgantown, WV 26501, likewise on the 28th day of August, 2018.

s/ *Rhys B. Cartwright-Jones*
**James S. Gentile, 0029573**
**Rhys B. Cartwright-Jones, 0078597**

**3**